UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **THOMAS H. HELVIK** | **CIVIL ACTION NO. 07-0396** |
| **VS.** | **SECTION P** |
| **STATE OF LOUISIANA** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE METHVIN** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner Thomas H. Helvik on March 2, 2007.  Helvik is a pre-trial detainee in the custody of Calcasieu Parish Sheriff Tony Mancuso. He is currently detained at the Calcasieu Parish Jail awaiting trial on drug charges which are apparently pending in Louisiana's  Fourteenth Judicial District Court.   This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** because petitioner has failed to exhaust available state court remedies.

*Statement of the Case*

On December 8, 2003 petitioner was arrested and charged with possession with intent to distribute marijuana and possession with intent to distribute cocaine.  He apparently bonded out because he was arrested again on August 4, 2006 in the State of New York as a fugitive from justice.  According to petitioner, he "... was arrested three times in all [because] Louisiana failed to request an extradition when the petitioner was being detained on the first fugitive from justice

arrest." In any event, a Bill of Information was ultimately filed on September 7, 2006. On February 15, 2007 petitioner filed a state petition for writ of *habeas corpus*, presumably in the Fourteenth Judicial District Court.  Nevertheless, petitioner claims that the State of Louisiana "refuses to take petitioner to court."

Petitioner signed his federal *habeas corpus* petition on February 28, 2007. He claims that the respondents have violated his rights under the Sixth and Fourteenth Amendments.

*Law and Analysis*

Petitioner is a pre-trial detainee who is challenging his continued custody and a  pending Louisiana state court criminal prosecution. Petitioner has not specified whether he seeks immediate release from custody, dismissal of the pending charges, or both.  The petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to  persons in custody awaiting trial who have not yet been convicted.  *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) citing *Ojo v. INS*, 106 F.3d 680, 681 (5th Cir.1997), *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982).

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established.  *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983).  A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose*, 455 U.S. 509; *Minor,* 697 F.2d 697.  The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their

3

jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225; *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997).

In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review his *habeas corpus* claims before a federal court will review those claims. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, a body of jurisprudential law requires detainees seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

Furthermore, a federal court should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings. *Dickerson,* 816 F.2d at 225, citing *Braden,* 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28. These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden,* 410 U.S. at 493, 93 S.Ct. at 1129; *Dickerson,* 816 F.2d at 225-226.

The nature of the remedy sought provides a further distinction. The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly

4

functioning of state judicial processes" by litigating a speedy trial defense to a prosecution prior to trial, from one who seeks only to enforce the state's obligation to bring him promptly to trial. *Dickerson*, 816 F.2d at 225.  In *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976),  the Fifth Circuit articulated the distinction:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal *habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met.  *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976).

As stated above, petitioner has not specified the nature of the relief sought in this proceeding. He has not stated whether he seeks his immediate release and the dismissal of all state court charges or whether he simply seeks an order directing the State to try his case. Under any circumstance, exhaustion of state remedies must have occurred before this court may intervene.

The undersigned notes that Louisiana provides a remedy to pre-trial detainees who wish to contest the legality of their custody. See La. C.Cr.P. arts. 351 *et seq*.  Louisiana also provides a statutory remedy for the violation of a criminal defendant's right to a speedy trial. See La. C.Cr.P. art. 701. Before he may seek federal *habeas* relief, petitioner must first avail himself of these or any other available remedies provided by the state.  According to petitioner, he has filed a petition for *habeas corpus* pursuant to Louisiana law. That petition is apparently pending in the Louisiana courts.

However, in order to satisfy the exhaustion requirement, the petitioner must have provided <u>all</u> state courts that could review the matter with a fair opportunity to review  his *habeas*

5

*corpus* claims before a federal court will review those claims. The presumptively reliable published jurisprudence reveals that petitioner has not had his present claims reviewed by the Louisiana Supreme Court and therefore, his claims remain unexhausted.

Therefore,

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on April 11, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)